UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No.: CV 22-02664 JFW (RAO)　　　　　　　　　Date: June 30, 2023
Title: Ara Eric Hunanyan v. Jeff Huberts et al.

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Donnamarie Luengo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:**　　(In Chambers) **ORDER TO SHOW CAUSE**

　　On April 21, 2022, Plaintiff Ara Eric Hunanyan ("Plaintiff"), proceeding *pro se*, filed a civil complaint ("Complaint") against Jeff Huberts, Lindsey Huberts (collectively, the "Huberts"), and Nancy Zamora ("Zamora"). Dkt. No. 1 at 1-2. On October 6, 2022, the Huberts filed a motion to dismiss. Dkt. No. 27.

　　"A trial court may dismiss a claim sua sponte" for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), particularly if it is clear that the claimant cannot possibly win relief. *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 335 (9th Cir. 2015). For the reasons set forth below, it appears that Plaintiff cannot possibly win relief on his federal claim. Plaintiff is ORDERED to show cause by **July 14, 2023** why the Court should not recommend dismissal of this action.[1]

---

[1] On October 28, 2022, Zamora filed a "Notice of Removal of District Court Civil Action to the United States Bankruptcy Court." Dkt. No. 30. However, it does not appear that the removal has any effect. Several courts have found that 28 U.S.C. § 1452 does not permit removal of cases from federal district court to bankruptcy court. *See, e.g.*, *In re Curtis*, 571 B.R. 441, 449 (B.A.P. 9th Cir. 2017) (finding that it would be "illogical to interpret the bankruptcy removal statute to authorize removal from a district court to the district court in the same district" and that permitting removal would raise constitutional questions as it would "impermissibly undermine the district court's power to refer matters to the bankruptcy court (or to withdraw the reference)"); *see also In re Mitchell*, 206 B.R. 204, 209-10 (Bankr. C.D. Cal. 1997) (finding the proper procedure is for a party to move the district court to refer the lawsuit to the bankruptcy court). Other courts in this district treat a purported notice of removal of a district court case to bankruptcy court as having

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  CV 22-02664 JFW (RAO)                           Date:  June 30, 2023
Title:     Ara Eric Hunanyan v. Jeff Huberts et al.

**I.    ALLEGATIONS OF THE COMPLAINT**

The claims in this case are based on the sale of a property in Los Angeles County (the "Gault Property").  Compl. ¶¶ 1, 51.  Plaintiff resided at the Gault Property starting in 2002.  Id. ¶ 23.  In 2020, a family court judgment ordered that the Gault Property and two other properties purchased by Plaintiff be sold with proceeds divided.  Id. ¶ 25.  Plaintiff later found out that assets were concealed in the family court case and appealed the judgment.  Id. ¶ 28.

On January 19, 2021, Plaintiff filed a bankruptcy petition and claimed the Gault Property as his homestead residence.  Id. ¶ 19.  Zamora was the bankruptcy trustee.  Id. ¶ 30.  Plaintiff alleges that there was a conflict of interest in Zamora serving as the trustee.  Id.  Plaintiff alleges that Zamora improperly dismissed the appeal of the family court judgment.  Id. ¶¶ 35-37.

On August 17, 2021, the Gault Property was transferred by Zamora to the Huberts.  Id. ¶ 51.

Plaintiff brings state law claims for quiet title and cancellation of instrument against the Huberts, constructive fraud against Zamora, civil conspiracy to commit fraud against the Huberts and Zamora, and a federal claim pursuant to 42 U.S.C. § 1983 ("Section 1983") against Zamora for violation of Plaintiff's due process rights.  Id. ¶¶ 47-90.  Plaintiff seeks cancellation of the deed of trust for the Gault Property and damages.  Id. at 14.

**II.   DISCUSSION**

**A.    Federal Law Claim**

Plaintiff brings a single claim under federal law: a claim for "civil rights violation under 42 U.S.C. § 1983 et seq."  Compl. ¶¶ 88-90.  Plaintiff alleges that Zamora, acting as a Chapter 7 trustee, sold Plaintiff's properties without proper due process.  Id.

---

"no practical effect."  *LFP IP LLC v. Midway Venture LLC*, No. SACV 10-01546 DOC (MLGx), 2010 WL 4395401, at *1 (C.D. Cal. Oct. 29, 2010); *In re Halvorson*, No. 8:18-cv-00525 JVS, 2018 WL 6728484, at *9 (C.D. Cal. Dec. 21, 2018) ("Because there is no statutory or constitutional authority to remove a district court case to bankruptcy court, a notice of removal seeking to do so is a nullity and has no legal effect.").  The Court will follow this line of cases and proceed accordingly.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 22-02664 JFW (RAO) | Date: | June 30, 2023 |
| Title: | Ara Eric Hunanyan v. Jeff Huberts et al. | | |

1. <u>Zamora is not a state actor.</u>

Zamora is a trustee in a federal bankruptcy case. Plaintiff may not bring a claim under Section 1983 against Zamora because Section 1983 claims may only be brought against state actors. *See* 42 U.S.C. § 1983. Thus, Plaintiff's Section 1983 claim is subject to dismissal.

To the extent the Complaint can be construed as bringing a claim pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S 388 (1971) ("*Bivens*"), there is likely no *Bivens* remedy for damages against Zamora. The three contexts in which the Supreme Court has recognized *Bivens* remedies are for unreasonable search and seizure under the Fourth Amendment, gender discrimination under the Fifth Amendment Due Process Clause, and an Eighth Amendment violation for failure to provide adequate medical treatment. *See Ziglar v. Abassi*, 582 U.S. 120, 131 (2017) (citing *Bivens*; *Davis v. Passman*, 422 U.S. 228 (1979); *Carlson v. Green*, 446 U.S. 14 (1980)). After *Carlson*, the Supreme Court has not approved of an implied damages remedy under the Constitution in any other context. *Id.* at 131.

Plaintiff's due process claim does not fall under any of these three recognized contexts. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 484 n. 9 (1994) ("[A] *Bivens* action alleging a violation of the Due Process Clause of the Fifth Amendment may be appropriate in some contexts, but not in others."). Extending *Bivens* is the "rare exception." *Mejia v. Miller*, 61 F.4th 663, 669 (9th Cir. 2023). Thus, even if Plaintiff's claims against Zamora could be construed as being brought under *Bivens*, any such claim for damages would likely fail.

2. <u>Zamora is entitled to quasi-judicial immunity.</u>

Zamora is entitled to quasi-judicial immunity for her actions taken as a bankruptcy trustee in the federal bankruptcy case. *See Lonneker Farms, Inc. v. Klobucher*, 804 F.2d 1096, 1097 (9th Cir. 1986) (finding a bankruptcy trustee was entitled to "derived judicial immunity because [trustee] is performing an integral part of the judicial process"); *Mosher v. Saalfeld*, 589 F.2d 438, 442 (9th Cir. 1978) (noting that judicial immunity has been extended to trustees in bankruptcy). Plaintiff's federal law claim is based on Zamora's distribution of the Gault Property as a bankruptcy trustee. Zamora is immune to any claim for damages based on that conduct.

3. <u>The *Barton* doctrine precludes Plaintiff's claims against Zamora.</u>

Under the *Barton* doctrine, "a party must first obtain leave of the bankruptcy court before it initiates an action in another forum against a bankruptcy trustee or other officer appointed by the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.:  CV 22-02664 JFW (RAO)                         Date:  June 30, 2023
Title:     Ara Eric Hunanyan v. Jeff Huberts et al.

bankruptcy court for acts done in the officer's official capacity." *In re Crown Vantage, Inc.*, 421 F.3d 963, 970 (9th Cir. 2005). The district court is considered a different forum than the bankruptcy court for purposes of the *Barton* doctrine. *Blixseth v. Brown*, 470 B.R. 562, 566 (D. Mont. 2012) (citing *Kashani v. Fulton*, 190 B.R. 875 (B.A.P. 9th Cir. 1995)). Here, there is no indication that Plaintiff has obtained leave of the bankruptcy court before initiating this action against Zamora.

The Court finds that the above deficiencies could not be remedied by amendment. Plaintiff is ordered to show cause, in writing, as to why this Court should not recommend that his federal law claim against Zamora be dismissed without leave to amend.

**B.  State Law Claims**

For the reasons noted above, the Court finds that Plaintiff's federal law claim against Zamora is subject to dismissal without leave to amend. Plaintiff's remaining claims are brought under state law. The basis for subject matter jurisdiction over such claims is supplemental jurisdiction under 28 U.S.C. § 1367(a). Because the Court intends to recommend that Plaintiff's federal law claim be dismissed with prejudice, the Court will further recommend that supplemental jurisdiction over the state law claims be declined, and that the state law claims be dismissed without prejudice. *See* 28 U.S.C. § 1367(c). Dismissal of the state law claims will render the Huberts' motion to dismiss moot.

**III.  CONCLUSION**

Plaintiff is **ORDERED TO SHOW CAUSE** why the Magistrate Judge should not recommend that his complaint be dismissed for the reasons stated above. Plaintiff shall file his response no later than **July 14, 2023**.

**If Plaintiff fails to file a timely response to this Order as directed above, the action will additionally be subject to dismissal without prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

IT IS SO ORDERED.

:
Initials of Preparer    dl